IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES VILLAREAL, M22525,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>C/O CONNER,  )<br>Defendant.  ) | Case No. 24-cv-1453-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

On January 29, 2025, the Court dismissed Plaintiff's case for failing to exhaust his administrative remedies prior to filing this lawsuit. In the lead-up to this disposition, the Court ordered Plaintiff to show cause about his use of the grievance process, because it appeared from his complaint that he filed this lawsuit shortly after the events giving rise to the lawsuit took place, which suggested he may not have completed exhaustion before filing. Plaintiff's filings after the original complaint, as well as his responses to the Order to Show Cause, indicated clearly and unequivocally that he filed this lawsuit on June 4, 2024, but did not exhaust the grievance process until August 5, 2024. Plaintiff suggested in response to the Order to Show Cause that he believed he had other viable claims to present in an amended complaint, but he never filed an actual amended complaint. Against this backdrop, the Court dismissed the case as filed before exhaustion was complete, and it advised Plaintiff that the dismissal did NOT prevent him from refiling a new complaint in the future for any exhausted claims, including those that were

dismissed in this case. (Doc. 17). Plaintiff now seeks reconsideration in a one paragraph letter where he baldly asserts he filed his complaint with the administration the right way. (Doc. 19).

A court may alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" Bilek v. Am. Home Mortg. Servicing, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (quoting Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)).

Plaintiff's Motion to Reconsider does not present any legal basis to unsettle the dismissal of this case. His bare assertion that he submitted his complaint properly to the administrative process does not change the outcome here. As the Court previously explained, if he has now exhausted his administrative remedies for this case, or for any other claims, he must file a new lawsuit. A Plaintiff who sues first and exhausts later cannot revive his lawsuit by an amended pleading, or by going back and correcting his

exhaustion problem within the same original case. Thus, Plaintiff's Motion (Doc. 19) is

**DENIED**.

    **IT IS SO ORDERED.**

    **Dated**: March 5, 2025

                                                 *s/ Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**